| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

STERLING J. MCKOY, §
§
       Petitioner, §
§
versus §   CIVIL ACTION NO. 1:09-CV-892
§
JON B. FOX, §
§
       Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Sterling J. McKoy, an inmate formerly confined at USP Beaumont, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this petition for writ of habeas corpus be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

As the Magistrate Judge correctly concluded, failure to follow institutional rules and regulations, standing alone, does not constitute a violation of petitioner's due process rights. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). "A prison officials failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if

constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). As the *Wolff* requirements were met in this case, this claim is without merit.

Finally, in reviewing administrative actions where a liberty interest is implicated, the Court must uphold administrative decisions unless they are arbitrary and capricious. *Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984). Federal Courts will not review a disciplinary hearing officer's factual findings *de novo*; instead the courts will only consider whether the decision is supported by "some facts" or by "a modicum of evidence." *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445, 454-55, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Gibbs v. King*, 779 F.2d 1040, 1046 (5th Cir. 1986), *cert. denied*, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision." *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001). In this case, there was some evidence to support the factual findings of the disciplinary hearing officer. As outlined in the Report and Recommendation of the United States Magistrate Judge, the hearing officer stated he relied upon the reporting officer's eyewitness statement and observations and found them more credible that petitioner's defense. The hearing officer's determination appears to be a reasonable conclusion of the evidence presented. The Court finds that the hearing was not arbitrary and capricious and this credibility determination will not be disturbed.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is

**ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

SIGNED at Beaumont, Texas, this 2nd day of January, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE